[No. B088736. Second Dist., Div. Six. Dec. 5, 1995.]

RITA MARTINS, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, FARM BOY
RESTAURANT et al., Respondents.

COUNSEL

Haynes, Wilkison & Stone and Donald W. Haynes for Petitioner.

John I. Gilman and Timothy M. Ehritt for Respondents.

OPINION

**STONE (S. J.), P. J.**—Here we hold that a doctor's report which does not apportion injuries according to the workers' compensation statutes is not legally sufficient to support apportionment.

FACTS

In June of 1991, Rita Martins filed a claim alleging injury to both lower extremities in the course of her employment by Farm Boy Restaurant,

insured by G.M.I.S. (respondents), from September 15, 1964, to October 12, 1990. Martins had worked as a waitress and as a restaurant manager during that period. She sometimes worked eight-hour shifts on cement floors. As a manager, her duties included bathroom cleaning, trash disposal and the carrying of heavy boxes of supplies. Her feet developed bone spurs and began hurting her during the last few years of employment. Surgery did not alleviate the symptoms.

On October 7, 1991, Dr. Donald Schwartz reported: "Based on this patient's history, she began having progressively increasing difficulties with her heels in January of 1989. . . . [¶] . . . [Medical] records would indicate that the patient did have onset of this problem on a work-related basis . . . . The patient does, however, point out that her difficulties with her feet were present and being aggravated on a continuous basis, persisting even through periods of time when she was not working. These difficulties also continued until she discontinued working. [¶] Therefore, in my opinion, this patient was sustaining a continuous trauma to her heels causing a persistent plantar fasciitis throughout all of her waking hours and any time she was weight bearing. Quite definitely, the majority of this was related to her work activities; however, any weight bearing or standing activity would aggravate and perpetuate the problem. Thus, in my opinion, there is a basis for apportionment between the patient's work time and non-work time when she was aggravating and perpetuating this condition. . . . [¶] . . . [B]ased on the fact that this patient was working at least 35 to 40 percent of her waking hours throughout the week, and spending the remaining 60 to 65 percent considerably less active and not involving a significant amount of weight bearing, I would apportion 60 percent of her current disability to the work-related standing and weight bearing activities, and 40 percent to the non-work related standing and weight bearing activities."

The workers' compensation judge's (WCJ) rating instruction directed the disability evaluator to apportion 60 percent of applicant's disability to industrial causes. On July 22, 1994, the disability evaluator's report was mailed to the parties. The disability evaluator found that applicant's disability rating was 42½ percent after apportioning to industrial causes 60 percent of his finding of 71 percent disability.

On August 8, 1994, the WCJ issued his findings and award that "[A]fter apportionment, the applicant's injury has resulted in 42½ percent permanent disability . . . ." Applicant timely sought reconsideration, contending the apportionment did not come within the workers' compensation statutes. Respondents argued that Martins had waived her right to contest the apportionment because Dr. Schwartz was her reporting doctor.

In recommending denial of reconsideration, the WCJ stated: "The finding on the extent of permanent disability and apportionment [was] based on the reports of Dr. Donald Schwartz, applicant's examining doctor for medical-legal purposes. . . . Dr. Schwartz concluded that applicant's . . . injury . . . was due to a cumulative injury attributable to any time she was weight bearing, whether on the job or off the job. This was the basis for his apportioning her disability between her work time and non-work time when she was aggravating and perpetuating her condition." The Board adopted the WCJ's report and denied reconsideration.

## DISCUSSION

█ Respondents argue that applicant has waived her right to contest the apportionment of her injuries because she submitted the matter on the medical reports and because she did not object to the rating instructions.[1] It is true that applicant did not present evidence to refute Dr. Schwartz's apportionment of disability. However, since that apportionment was not based on a proper legal standard, it was not necessary for her to do so. She could reasonably presume that the WCJ would apply the correct standard in determining whether apportionment was appropriate based on the available medical evidence.

Under specified circumstances, the Labor Code provides for apportionment of a worker's disability to nonindustrial causes.[2] "The medical opinion relied on for making apportionment determinations cannot be speculative, and must disclose familiarity with the basis for apportionment. It must describe in detail the exact nature of the disability to which apportionment is

---

[1]Respondents attempt to rely on a case in which we denied review after the Board found the applicant's failure to object waived the right to have the entire matter heard by the same judge. (*Armstrong* v. *Workers' Compensation Appeals Board* (1984) 49 Cal.Comp.Cases 690.)

[2]Labor Code section 4663 provides: "In case of aggravation of any disease existing prior to a compensable injury, compensation shall be allowed only for the proportion of the disability due to the aggravation of such prior disease which is reasonably attributed to the injury."

Labor Code section 4750 provides: "An employee who is suffering from a previous permanent disability or physical impairment and sustains permanent injury thereafter shall not receive from the employer compensation for the later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with or in relation to the pervious disability or impairment. [¶] The employer shall not be liable for compensation to such an employee for the combined disability, but only for that portion due to the later injury as though no prior disability or impairment had existed.

Labor Code section 4750.5 provides: "An employee who has sustained a compensable injury and who subsequently sustains an unrelated noncompensable injury, shall not receive permanent disability indemnity for any permanent disability caused solely by the subsequent noncompensable injury."

sought, and the basis for the opinion." (*Ashley* v. *Workers' Comp. Appeals Bd.* (1995) 37 Cal.App.4th 320, 326-327 [43 Cal.Rptr.2d 589].)

To support apportionment under Labor Code section 4663, "[t]here must be medical evidence expressly stating that the apportioned disability is the result of the natural progression of a preexisting, nonindustrial condition and such nonindustrial disability would have occurred in the absence of the industrial injury." (*King* v. *Workers' Comp. Appeals Bd.* (1991) 231 Cal.App.3d 1640, 1648 [283 Cal.Rptr. 98].) Dr. Schwartz did not state that Martins's foot injuries were caused, in part, by the natural progression of a preexisting, nonindustrial condition. Nor did he state that, even if she had never worked as a waitress and manager, she would have had 40 percent of her present impairment. (Cf. *Burlson* v. *Workers' Compensation Appeals Board* (1982) 47 Cal.Comp.Cases 1285 [independent medical examiner reported employee would have had 50 percent of heart disability absent industrial aggravation]; *Chretien* v. *Workers' Compensation Appeals Board* (1982) 47 Cal.Comp.Cases 1272 [agreed medical examiner testified that employee's bronchial disease would have produced 75 percent of disability absent industrial exposure to toxic fumes]; *Garcia* v. *Workers' Compensation Appeals Board* (1978) 43 Cal.Comp.Cases 509 [agreed medical examiner concluded injured employee would have had 25 percent of back disability absent industrial injuries].)

Additionally, Dr. Schwartz did not find that part of Martins's foot-related disability was the result of a previous or subsequent injury. He concluded that, since the foot injury was aggravated by any weight-bearing activity and Martins engaged in weight-bearing activities outside the workplace, her disability should be apportioned.

Apparently Dr. Schwartz would have found 100 percent industrial causation only if Martins had been able to stay off her feet at any time she was not working. It would be unfair to require an injured worker to cease all normal and necessary outside activities which could possibly aggravate an industrial injury in order to receive full compensation for that injury.

"[Dr. Schwartz's] opinion on apportionment was not based upon apportionment as it is defined under the workers' compensation statutes but on an incorrect legal theory." (*Schmidt* v. *Workers' Comp. Appeals Bd.* (1994) 28 Cal.App.4th 1458, 1464 [35 Cal.Rptr.2d 279].) Therefore, his opinion is not legally sufficient to support apportionment.

The October 27, 1994, order of respondent Workers' Compensation Appeals Board denying reconsideration is annulled, and the matter is remanded

to the Board for further proceedings consistent with the views expressed herein. Petitioner shall recover her costs.

Gilbert, J., and Yegan, J., concurred.